IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN J. DIBELLO | : CIVIL ACTION |
| vs. | : NO: 13-5146 |
| ALPHA CENTURION SECURITY, INC. et al. | : |

KEARNEY, J.                                                                                                         MARCH 23, 2015

## ORDER MEMORANDUM

Defendants' Motion for Summary Judgment raises the question of whether a Pennsylvania security guard company that offers the "privilege" of extending pay advances to all compliant employees and then automatically deducts a twenty percent (20%) "administrative charge" on the "advance" from the next paycheck can be subject to liability under the: Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c) ("RICO"); the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"); and, Pennsylvania's Wage Payment and Collection Law, 43 Pa.C.S. §260.1 *et seq.* ("WPCL").

**AND NOW**, this 23rd day of March 2015, upon consideration of Defendants' Motion for Summary Judgment (ECF Doc. No. 13), Plaintiff's Response (ECF Doc No. 14), and following a March 20, 2015 Oral Argument, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment is:

1. **DENIED as to Count I under RICO.** Defendants admit their employee handbook and practices for many years authorized a 20% "administrative fee" automatically collected from the next paycheck of any employee seeking a pay advance. This 20% "fee" is, for

present purposes, usurious under Pennsylvania law. 41 P.S. § 201. Defendants argue that a security guard company is not involved in the "collection of unlawful debt" because they are not in "business of lending money" at a usurious rate. *See* 18 U.S.C. § 1962(c) and § 1961(6). Unlike recent cases in this Court addressing §1962(c) claims against repossession companies[1], the Defendants have a company policy authorizing "advances", requiring prompt repayment and prohibiting "advances" to employees who violate other company policies. Defendants require repayment in the next pay along with a 20% premium. Dozens of Plaintiff's exhibits demonstrate "advances" and automatic "repayment" along with a 20% premium exceeding the proof required to create genuine issues of material fact as to the extent of Defendants' business of lending money.

2. **DENIED as to Count II under TILA.** Defendants argue that there can be no deceit under TILA because the employee agrees in writing to repay the advances along with the 20% fee. TILA is a disclosure statute to ensure the informed use of credit. Here, there is no disclosure of the real cost of this 20% premium/administrative fee for the admitted "privilege" of obtaining credit from the employer rather than a lender.

3. **GRANTED as to Count III under the WPCL; this claim is dismissed with prejudice**. Plaintiff claims the Defendants' 20% "administrative" charge on a pay advance deprived him of wages based upon an unlawful lending practice. The WPCL does not create a right to compensation. It provides a statutory remedy when an employer breaches a contractual

---

[1] *Compare Goldenstein v. Repossessors, Inc.*, No. 13- 2797, 2014 WL 3535112 (E.D. Pa. July 17, 2014); *Collins v. Siani's Salvage, LLC*, No. 13-3044, 2014 WL 1244057 (E.D. Pa. Mar. 26, 2014); *Gonzales v. DRS Towing LLC*, No. 12-5504 (E.D.Pa. Feb. 28, 2013), *with Gregoria v. Total Asset Recovery, Inc.*, No. 12-4315, 2015 WL 115501 (E.D. Pa. Jan. 7, 2015)(denying motion to dismiss on collection activity on behalf of an alleged predatory lender). Here, Plaintiff's claim is against an employer which allegedly collects usurious "fees" through automatic deductions from the next paycheck.

obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned. *See Sheils v. Pfizer, Inc.,* 156 F. App'x 446, 451-52 (3d. Cir. 2005); *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990); *Scott v. Bimbo Bakeries, USA, Inc.*, No. Civ.A. 10-3154, 2012 WL 645905, *4 (E.D. Pa. Feb. 29, 2012). Here, Plaintiff neither pleads nor proves any contract between the Defendants and the Plaintiff. *Ergo*, there is no breach of a contractual obligation to pay specific wages. Plaintiff simply asserts that because he worked, he is contractually entitled to the full pay without deduction of the "administrative" charge. This is not a WPCL claim, and Plaintiff did not seek redress under common law contract theories. The WPCL claim is dismissed with prejudice.

_____
KEARNEY, J.