UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| **JONATHAN J. DiBELLO,** for himself and for a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.,<br><br>**ALPHA CENTURION SECURITY, INC.; JOANNA SMALL & PATRICK A. PANETTA**<br><br>Defendants. | Civil Action No.<br>13-cv-05146-JD |

# Order

AND NOW, this _____ day of _____, 2015, plaintiff's motion to file an amended complaint joining Alpha Century Security, Inc., as a defendant is granted:

    1.   The clerk shall docket plaintiff's proposed amended complaint identified as Exhibit "A" to plaintiff's motion (which includes Exhibits P-1 to P-6) and issue a new summons.

    2.   The Defendants are enjoined from transferring any assets, rights or interests in property without leave of court.

1

By the court,

_____
MARK A. KEARNEY, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| JONATHAN J. DiBELLO, for himself and for a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.,<br><br>ALPHA CENTURION SECURITY, INC.; JOANNA SMALL & PATRICK A. PANETTA<br><br>Defendants. | Civil Action No.<br>13-cv-05146-JD |

**Plaintiff's Motion for Leave to File Amended
Complaint Joining Alpha Century
<u>Security, Inc., as a Defendant and Enjoin Transfers of Assets.</u>**

In November 2014, while this case was pending, the defendants set up a new corporation to take over the business of defendant Alpha Centurion Security, Inc. ("Alpha"). The new corporation is called Alpha *Century* Security, Inc. ("Alpha Century"), and was formed on November 21, 2014. At the same time, all of Alpha's business was transferred to Alpha Century, leaving Alpha dormant and without income.

The purpose of this motion is to amend the complaint to include Alpha Century as a defendant and enjoin transfers outside the ordinary course of business. Plaintiff relies on the following materials:

3

(a). A supporting memorandum of law;

(b). Plaintiff's proposed amended complaint, attached as Exhibit "A" (which includes Exhibits P-1 to P-6);

(c). Excerpts from defendant Patrick Panetta's deposition, attached as Exhibit "B;" and

(d). The affidavit of John DiBello, Exhibit "C."

WHEREFORE, plaintiff requests leave to file an amended complaint joining Alpha Century as a defendant and enjoining defendants from transferring assets outside the ordinary course of business, together with any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com

4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| **JONATHAN J. DiBELLO,** for himself and for a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.,<br><br>**ALPHA CENTURION SECURITY, INC.; JOANNA SMALL & PATRICK A. PANETTA**<br><br>Defendants. | Civil Action No.<br>13-cv-05146-JD |

**Memorandum of Law in Support of Jonathan DiBello's
Motion for Leave to File Amended Complaint Joining
<u>Alpha Century Security, Inc., and Enjoining Transfers of Assets.</u>**

Introduction

The filing of this motion is necessitated by the seemingly fraudulent transfer of all of the assets of defendant Alpha Centurion Security, Inc. ("Alpha") to a new corporation called Alpha *Century* Security, Inc. ("Alpha Century"). The transfer occurred during November 2014 in the middle of litigating this case, and has left Alpha without income.

The court has authority to allow amendments to plaintiff's complaint at any time as justice requires, F.R.C.P. No. 15(a)(2), as well as allow for joinder of a new party. F.R.C.P. No. 21. Joinder is justified on the merits under the *de facto* merger doctrine of successor liability, *Fizzano Bros. Concrete Products v. XLN,* 42

5

A.3d 951, 962 (Pa. Sup. Ct. 2012), and under the Pennsylvania Uniform Fraudulent Transfer Act ("UFTA"), 12 Pa.C.S. §§ 5101 *et seq.* The UFTA also provides a basis for enjoining the defendants from dissipating assets.

## Background

Jonathan DiBello is a former employee of Alpha Centurion Security, Inc. ("Alpha"). On September 4, 2013, Mr. DiBello filed the present lawsuit against Alpha and its two principals alleging that they made usurious payday loans to him and other employees, and asserting causes of action under the RICO statute and Truth-In-Lending statute. The latter claim was targeted against Alpha.

Alpha's principals are a man and woman named Patrick Panetta and Joanna Small. Mr. Panetta and Ms. Small have lived together in a domestic partnership for 28 years (Exhibit "B," Penatta Deposition at 10 of 73), and have likely established a common law marriage. Mr. Panetta and Ms. Small established Alpha together, but put the stock in the name of Ms. Small, so they would have a woman owned security firm. *Id.* From the beginning, Mr. Panetta was in charge of Alpha's security operations. *Id.*

On or about November 21, 2014, the individual defendants formed a new corporation called Alpha *Century* Security, Inc. ("Alpha Century"). Amended Complaint, Exhibit P-6 at 6-7. The defendants proceeded to close down Alpha and

move all of its business, employees, equipment and supplies to Alpha Century, which opened an office down the street.

Attached to the proposed amended complaint as Exhibits P-1 and P-6 are screen shots of the old and new web sites for Alpha and Alpha Century. The two web sites use the same imagery, including a large photograph of the same security guard, along with a similar color scheme, layout and information. Callers to Alpha's old phone number are greeted with a message informing them the number was "changed" and are given Alpha Century's number. The stock for Alpha Century is purported to be in Mr. Panetta's name. Alpha Century apparently acquired an obligation to employ Ms. Small as a consultant for a number of years for $3,000 per month. Complaint, Exhibit P-6 at 9.

The amended complaint includes allegations directed toward establishing Alpha Century's liability for Alpha's debts, including in particular the allegations in paragraphs 8, 23 to 31 and 69 to 79. The latter group of paragraphs comprise a new count III alleging violation of Pennsylvania's Uniform Fraudulent Transfers Act.

Argument

I.  JUSTICE REQUIRES ALPHA CENTURY TO BE JOINED
    AS A DEFENDANT TO PREVENT FRAUD.

F.R.C.P. No. 15(a)(2) allows the court to grant leave to amend a complaint at any time as justice requires. F.R.C.P. No. 21 allows the court to join a new party at any time on terms that are just. Joinder of Alpha Century is just to prevent fraud and because there is a strong likelihood Alpha Century is liable for Alpha's debts under several theories for successor liability.

(a).  *Alpha Century Acquired Alpha's Assets in a* de facto *Merger.*

A successor corporation may be liable for the debts of a predecessor when (1) the acquisition of the prior corporation's assets amounts to a *de facto* consolidation or merger, (2) the successor corporation is a mere continuation of the former, or (3) the transaction is fraudulently entered into to escape liability to creditors. *Com. v. Lavelle*, 555 A.2d 218, 226, 382 Pa. Super. 356, 373 (Pa. Super. 1989).

A *de facto* merger may be found where the successor and predecessor corporations (1) share continuity of ownership; (2) the predecessor ceases operations at the same time the successor takes over; (3) the successor assumes the liabilities of the predecessor required for uninterrupted continuation of the business, and (4) there is continuity of management, personnel, physical location, assets, and general business operations. *Fizzano Bros. Concrete Products v. XLN,* 42 A.3d 951, 962 (Pa.

Sup. Ct. 2012). In each instance, successor liability is determined on a case-by-case basis. *Id.* No one factor is determinative, but continuity of ownership must be shown by some means.

Continuity of ownership may be satisfied by showing prior ownership acquired "obligations" in the successor even if those obligations are not in the form of stock. In *Fizzano Bros.* the prior stockholders retained notes secured by an important asset of the successor corporation and that was sufficient to show continuity of ownership. In *Com. v. Lavelle*, 555 A.2d 218, 229-30, 382 Pa. Super. 356, 379 (Pa. Super., 1989), continuity was found where the prior owner was given the highest paid position in the successor corporation. The successor's stock was owned by the son, but the court found that the prior owner had an "undisclosed" interest in the successor based on his salary and role in the company.

The elements to establish a *de facto* merger are present in the formation of Alpha Century. Alpha shut its doors after the formation of Alpha Century. All of the business of the former corporation was immediately assumed by the latter. Alpha Century took on all of Alpha's employees, accounts and resources. Alpha Century now owns, possesses or controls all of Alpha's tangible personal property, such as its vehicles, communications equipment, and office supplies and equipment, all of which are being used to carry on Alpha's business under the name Alpha Century.

9

Mr. Panetta owns the stock in Alpha Century, and presumably has the position of president, but the business continues to be obligated to Ms. Small through an agreement for her to be a paid consultant earning $3,000 per month. Ms. Small also likely has an interest in Alpha Century as a result of her 28 year domestic partnership with Mr. Panetta. Ms. Small continues to derive a benefit from the dividends and salary drawn by Mr. Panetta which presumably go to their domestic partnership. It is also likely that as part of their domestic partnership, Ms. Small and Mr. Panetta have an agreement to share each others' property, which would include Mr. Panetta's interest in Alpha Century. Moreover, it is also plausible that Ms. Small is in a common law marriage with Mr. Panetta and has an interest in Alpha Century as part of their marital estate.

(b). *Alpha Century Acquired Alpha's Assets as the Result of a Fraudulent Transfer.*

The fraud exception for successor liability is also applicable. Count III of plaintiff's amended complaint now contains a cause of action for violation of the Pennsylvania Uniform Fraudulent Transfer Act ("UFTA"), 12 Pa.C.S. §§ 5101 *et seq.*, It is a violation of the UFTA for a debtor to make a transfer or incur an obligation with the actual intent to hinder, delay or defraud creditors. 12 Pa.C.S. §§ 5101(a)(1). A "claim" under the UFTA is broadly defined as any "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, matured,

unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 12 Pa.C.S. § 5101(b)(3). Alpha's potential debt to Mr. DiBello in this lawsuit is a claim subject to the UFTA, even though the claim has not been reduced to judgment.

The evidence is compelling that defendants acted with intent to hinder, delay or defraud Mr. DiBello from being able to recover the usurious interest Alpha withhold from his paycheck. Alpha was an ongoing business with annual revenues in excess of two million dollars according to Mr. Panetta. Panetta Affidavit, Document 13-7, at ¶ 11. As a result of the transfer, all of the income is now going to Alpha Century, and defendant Alpha has nothing. Alpha's assets were not purchased by an unrelated third party in good faith, but by Ms. Small's husband who will keep all of Alpha Century's income in the family with Ms. Small. If all the defendants sought was to transfer ownership of Alpha to Mr. Panetta, they needed only to transfer the stock. Mr. Panetta did not need to create a new corporation to purchase Alpha's assets. The only reason Mr. Panetta chose the latter course of action was to free Alpha's income from the claims of creditors, including specifically Mr. DiBello.

A variety of remedies are available under the UFTA, including avoidance, injunctions or "any other relief the circumstances may require." 12 Pa.C.S. § 5107. At a minimum, it is appropriate to add Alpha Century as a defendant, so the fact finder can sort out whether Alpha Century was formed with the actual intent to hinder, delay or defraud creditors. It is also appropriate for the court to enjoin the

defendants from dissipating assets, by making transfers outside the ordinary course of business, absent approval.

## Conclusion

Mr. DiBello requests leave to file an amended complaint joining Alpha Century as a defendant, enjoining defendants from making transfers outside the ordinary course of business, and any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com

Certificate of Service

      I, Robert F. Salvin, Esq., certify that defendants' counsel is an electronic filer who will receive service of the foregoing document simultaneously with its filing through the court's ECF system, or I will serve counsel with a copy by first class mail, postage prepaid, upon:

      Michael LaRosa
      959 West Chester Pike
      Havertown, PA  19083
      ml.larosalaw@verizon.net

      _____
      Robert F. Salvin (RFS2522)
      Two Bala Plaza, Suite 300
      Bala Cynwyd, PA  19004
      215-300-2388
      215-271-2820 (fax)
      rfsalvin@hotmail.com